**In re ESTATE OF Kip Kelso CRIST.**

**C.A. No. 368–N.**

Court of Chancery of Delaware,
New Castle County.

Submitted: Dec. 2, 2004.

Decided: Dec. 9, 2004.

W. Donald Sparks, II, Holly O. Paz, Richards, Layton & Finger, Wilmington, DE, for Petitioner, PNC Bank.

David N. Rutt, Moore & Rutt, Georgetown, DE, for Leland Crist.

James P. Dalle Pazze, Herdbeg, Dupont & Dalle Pazze, Wilmington, DE, for Caroline Bowen, Thomas Laurance Bowen, David Douglas Alexander, and Phillip Boden Alexander.

### OPINION

LAMB, Vice Chancellor.

### I.

In 2001, a woman who had no issue died testate and was survived by her husband. The woman's trust provided, upon her death, for a marital gift to her husband and for the transfer of her residuary estate to a residuary trust. The beneficiaries of the residuary trust are her nieces and nephews. The trustee brings this action seeking instructions in response to a complaint by the husband that the trustee has improperly computed the marital gift.

The marital gift is essentially calculated in accordance with the spousal elective share provisions of Delaware law. Applying the express terms of the trust agreement and applicable statutes incorporated therein, the trustee calculated the marital

gift by multiplying by one-third an amount first computed by reducing the amount of the gross estate for federal estate tax purposes by the amount of the estate's administrative and funeral expenses.

The husband does not dispute the trustee's reading of the trust provision dealing specifically with the marital gift. He, nonetheless, contends that a separate provision of the trust should be construed to require an adjustment to that calculation. In particular, he argues that the marital gift should be increased by an amount equal to one-third of those same administrative and funeral expenses used, albeit indirectly, in calculating the marital gift, since the trust separately requires that those expenses actually be paid out of the residuary trust. For the following reasons, the court concludes that the trustee has properly calculated the amount of the marital gift and issues instructions to that effect.

## II.

### A. The Trust

The petitioner is PNC Bank, Delaware, as trustee ("Trustee") of a trust ("Trust") created by agreement with Kip Kelso Crist, dated June 28, 1973, as later amended and restated ("Trust Agreement").[1] Mrs. Crist died without issue but was survived by her husband, Leland Crist.

Pursuant to the terms of the Trust Agreement, the Trustee was to administer the Trust for the benefit of Mrs. Crist during her lifetime. Upon her death, the Trust Agreement provides for an extensive list of pecuniary gifts, including a marital gift for Mr. Crist ("Marital Gift"). The Trust Agreement then provides that the Trustee is to hold and administer the remainder of the Trust funds upon terms described therein ("Residuary Trust").

Section II(B)(8)(a) of the Trust Agreement defines the Marital Gift. In pertinent part, it reads as follows:

> If Trustor's husband survives Trustor, Trustee shall set aside an amount equal to one third of the elective estate of Trustor, as defined in Section 902 of Title 12 of the Delaware Code, less the amount of all transfers to Trustor's husband determined in accordance with Section 903 of Title 12 of the Delaware Code. The property so set aside shall be called the "Marital Gift."

Thus, the computation of the Marital Gift is the same as the computation of a surviving spouse's elective share under Delaware's Elective Share statute, 12 *Del. C.* § 901 *et. seq.*[2]

Mrs. Crist died on November 28, 2001 and left behind substantial assets in the Trust. On April 6, 2004, the Trustee filed in this court a Petition and Proposed Order of Distribution, seeking guidance as to whether it had properly calculated the Marital Gift. Mr. Crist filed an Objection to the Petition on May 4, 2004, claiming that the Marital Gift was incorrectly calculated.[3]

---

1. The Trust Agreement was amended from time to time and was restated as of May 30, 2000. The court relies on that restated agreement, which was later amended only in immaterial respects.

2. Mr. Crist concedes this point in his brief. Mr. Crist's Opening Br. at 6 ("In the instant case, the terms of Section II(B)(8) of the Trust provide for a 'marital gift' to be calculated in accordance with the Delaware elective share formula. The elective share formula ... is fully set forth in Title 12, Sections 901, et. seq.").

3. Mr. Crist's Objection also states that the Trustee failed to comply with the terms of the trust in other respects and violated its fiduciary duties by the manner in which it had invested the assets assigned to the Marital Gift during the course of the administration of Mrs. Crist's estate. At oral argument, Mr.

## B. *The Dispute*

The gross estate for federal estate tax purposes at the time of Mrs. Crist's death was $26,490,078.76. In accordance with the provisions of 12 *Del. C.* § 902(a), the Trustee used this figure as the starting point for its computation of the Marital Gift. The Trustee then added to the gross estate figure "an amount equal to one-half of the jointly held property excluded from Parts I and II of Schedule E of the estate tax return ($734,313.33)."[4] Next the Trustee deducted administrative and funeral expenses ("Expenses") of $551,772. These steps were taken in conformity with 12 *Del. C.* §§ 902(a) and 903. The resulting elective estate is $26,672,639.83. Finally, in accordance with the terms of the trust agreement, the Trustee calculated the Marital Gift by taking one-third of the elective estate, or $8,890,879.94. The Trustee contends that this amount is the correct distribution figure for the Marital Gift based on the Trust Agreement.

Mr. Crist concedes that the Trustee's calculation conforms with Section II(B)(8)(a) of the Trust Agreement and the Elective Share statute. Nevertheless, he argues that language found in Section IV of the Trust Agreement requires the Trustee to take a further step and credit the Marital Gift in an amount equal to one-third of the Expenses. The language in question is part of a paragraph entitled "Funding Trustor's Funeral Expenses, Debts, Costs of Administration, and Taxes" and provides, in relevant part, as follows:

> Notwithstanding anything previously contained in this Agreement to the contrary, Trustee is directed to pay over from the portion of the Residuary Trust

that does not qualify for the marital deduction to the executor or administrator of Trustor's estate such amount as such executor or administrator states in writing is necessary or desirable to provide funds with which to pay Trustor's funeral expenses and debts, the costs of administration of Trustor's estate, and all transfer taxes that my be imposed by any domestic or foreign taxing authority and that are attributable to any property taxable as a result of Trustor's death, whether or not payable by Trustor's estate or any recipient of such property, and whether or not such property is held in the trust fund.

Mr. Crist contends that the language of Section IV is in conflict with and, therefore, "trumps" Section II(B)(8)(a) of the Trust Agreement because, the argument goes, Section IV expressly directs the Trustee to pay from the Residuary Trust the very Expenses that were deducted from Mrs. Crist's gross estate in calculating the Marital Gift. In other words, his argument is that because the gross estate was reduced by the full amount of the Expenses in calculating the Marital Gift (in accordance with the Elective Share statute) the Marital Gift, in effect, "paid" a third of the Expenses. Arguing that the specific language of Section IV must supersede the more general language of Section II(B)(8) and requires that the Expenses be "paid" out of the Residuary Trust, Mr. Crist seeks to have the Marital Gift "reimbursed" in the amount of one third of the Expenses ($183,917.33).[5]

## III.

In this action, the court is called upon to construe the Trust Agreement

---

Crist's counsel stated that Mr. Crist is satisfied with the Trustee's response to these claims and, therefore, withdraws them.

4. Trustee's Mem. of Law at 8.

5. Based on his opposition, Mr. Crist claims that the beneficiaries of the Residual Trust are "failing to reimburse" him. Mr. Crist's Objection at 3.

and, in particular, to determine whether there is a conflict between Section II(B)(8) and Section IV thereof. "[T]he seminal rule of construction in trust cases [is] that the settlor's intent controls the interpretation of the instrument."[6] "Such intent must be determined by considering the language of the trust instrument, read as an entirety, in light of the circumstances surrounding its creation."[7]

Mr. Crist focuses his energy on the inclusion of the word "notwithstanding" in Section IV. He claims that this word nullifies the earlier direction in Section II(B)(8) of the Trust to calculate the Marital Gift by deducting the Expenses from the gross estate. "The use of such a 'notwithstanding' clause clearly signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions of any other section."[8]

The fallacy of this argument is that there is no conflict between the two provisions at issue and, thus, there is no reason to read Section IV as overriding the plain language of Section II(B)(8). Section II(B)(8) governs the computation of the Marital Gift. Section IV governs the actual payment of expenses. Section II(B)(8) is clearly and incontrovertibly meant to provide Mr. Crist a distribution from the Trust that mirrors the statutory elective share. As Mr. Crist acknowledges, his Marital Gift is calculated in accordance with the relevant statutes, 12 *Del. C.* §§ 902 and 903. Although the Marital Gift is computed by reference to, among other things, the Expenses, the burden of actually paying the Expenses falls on the Residuary Trust. Properly viewed, the intention of Section IV is to protect the Marital Gift from the possibility that the Trustee would pay the Expenses out of the assets of that gift. If that happened, the Marital Gift would both be computed by reference to the Expenses and then actually charged with paying them. Despite the inclusion of the word "notwithstanding," Section IV does not trump Section II(B)(8) because Section IV and Section II(B)(8)(a) are not in conflict. Thus, Mr. Crist's claim to be reimbursed for an expense that the Marital Gift never paid must fail. To hold otherwise would be to award him a windfall and would badly misconstrue the Trust Agreement.

## IV.

For the foregoing reasons, the Petition is GRANTED and the Objection is OVERRULED. IT IS SO ORDERED.

---

6. *Annan v. Wilmington Trust Co.,* 559 A.2d 1289, 1292 (Del.1989)

7. *Id.*

8. *Cisneros v. Alpine Ridge Group,* 508 U.S. 10, 18, 113 S.Ct. 1898, 123 L.Ed.2d 572 (1993).